J-S67008-14

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| JAMES H. COBBS, | : | |
| | : | |
| Appellant | : | No. 13 WDA 2014 |

Appeal from the PCRA Order December 23, 2013,
Court of Common Pleas, Allegheny County,
Criminal Division at No. CP-02-CR-0008549-1970

BEFORE:  DONOHUE, MUNDY and FITZGERALD*, JJ.

MEMORANDUM BY DONOHUE, J.:  **FILED NOVEMBER 17, 2014**

Appellant, James H. Cobbs ("Cobbs"), appeals from the order denying his petition filed pursuant to the Post Conviction Relief Act, 42 Pa.C.S.A. §§ 9541-46 (the "PCRA").  Also before this Court is appointed counsel's motion to withdraw as counsel and an accompanying brief filed pursuant to *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988) and *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).  For the following reasons, we affirm the PCRA court's order denying the petition and grant counsel's request to withdraw.

In its written opinion, the PCRA court provided the following concise summary of the relevant procedural history:

> This matter arises out of a *pro se* PCRA petition filed by [Cobbs] on August 28, 2012.  [Cobbs] alleged that he was currently serving a mandatory sentence of life without the possibility of parole for his

---

*Former Justice specially assigned to the Superior Court.

conviction of first-degree murder on July 16, 1971. [Cobbs] further alleged that he was under the age of 18 at the time of the offense. In his petition [Cobbs] alleges that his mandatory sentence was unconstitutional under the 8th Amendment of the United States Constitution based on the United States Supreme Court's decision in *Miller v. Alabama*, 132 S.Ct. 2455 (2012) which was decided on June 25, 2012.

On September 6, 2012 counsel was appointed to represent [Cobbs]. On September 19, 2012 a Motion to Stay the PCRA proceedings was filed pending the disposition of appeals pending before the Pennsylvania Supreme Court in *Commonwealth v. Batts*, 66 A.3d 286 (Pa. 2013) and *Commonwealth v. Cunningham*, 81 A.3d 1 (Pa. 2013). On September 25, 2012 an order was entered staying the proceedings pending the disposition of *Batts* and *Cunningham*. On March 26, 2013, the Pennsylvania Supreme Court decided *Batts*. On October 30, 2013, the Court decided *Cunningham*. On November 20, 2013 an order was entered placing [Cobbs] on notice of the [PCRA court's] intent to dismiss his petition without a hearing based on the Supreme Court's decision in *Cunningham* which held that the ruling in *Miller* was not retroactive. On December 9, 2013, [Cobbs] filed a response to the Notice of Intent to Dismiss Order[1] and on December 23, 2013 an Order was entered dismissing his PCRA Petition. On December 30, 2013, [Cobbs] filed the instant appeal.

Trial Court Opinion, 7/10/2014, at 2-3 (footnotes omitted). On August 13, 2014, appointed counsel filed an Application for Leave to Withdraw as counsel under *Turner* and *Finley*, attaching a "no merit" appellate brief and

---

[1] Cobbs also included an amended PCRA petition with this filing.

a letter to Cobbs advising him, *inter alia*, of her intention to withdraw from representation.

Before considering the issues appointed counsel asserts Cobbs wants to raise on appeal, we first must consider whether appointed counsel has complied with the requirements for counsel to withdraw pursuant to **Turner** and **Finley**. We previously explained this procedure as follows.

> **Turner**/**Finley** counsel must review the case zealously. **Turner**/**Finley** counsel must then submit a "no-merit" letter to the trial court, or brief on appeal to this Court, detailing the nature and extent of counsel's diligent review of the case, listing the issues which the petitioner wants to have reviewed, explaining why and how those issues lack merit, and requesting permission to withdraw.
>
> Counsel must also send to the petitioner: (1) a copy of the "no-merit" letter/brief; (2) a copy of counsel's petition to withdraw; and (3) a statement advising petitioner of the right to proceed *pro se* or by new counsel.
>
> If counsel fails to satisfy the foregoing technical prerequisites of **Turner**/**Finley**, the court will not reach the merits of the underlying claims but, rather, will merely deny counsel's request to withdraw. Upon doing so, the court will then take appropriate steps, such as directing counsel to file a proper **Turner**/**Finley** request or an advocate's brief.
>
> However, where counsel submits a petition and no-merit letter that do satisfy the technical demands of **Turner**/**Finley**, the court - trial court or this Court - must then conduct its own review of the merits of the case. If the court agrees with counsel that the claims are without merit, the court will permit counsel to withdraw and deny relief. By contrast, if the claims appear to have merit, the court will deny

counsel's request and grant relief, or at least instruct counsel to file an advocate's brief.

**Commonwealth v. Wrecks**, 931 A.2d 717, 721 (Pa. Super. 2007).

Instantly, appointed counsel's Application for Leave to Withdraw as Counsel contains her representations that she has examined the record, case law, relevant statutes, and correspondence from Cobbs, and that she has advised Cobbs in a letter of her legal conclusion that his issues lack any merit. Application, 8/13/2014, at ¶¶ 13-14. Appointed counsel mailed copies of the Application for Leave to Withdraw as Counsel and the "no merit" brief filed with this Court as attachments to her letter to Cobbs, in which she advised him of his right to proceed *pro se* or through privately-retained counsel. For these reasons, we conclude that appointed counsel has substantially complied with the mandates of **Turner** and **Finley**.

We thus proceed with our own review of the merits of Cobbs' claims on appeal, which are set forth in the "no merit" brief as follows:

1. Whether the PCRA court erred in denying PCRA relief on the basis that the PCRA proceeding was untimely?

2. Whether the United States Supreme Court held that the rule in **Miller v. Alabama**, by applying said rule in the companion case of **Jackson v. Hobbs**, applies retroactively to cases where direct review had concluded prior to the announcement of said rule in **Miller v. Alabama**?

3. Whether **Commonwealth v. Batts**, --- Pa. ---, 66 A.3d 286 (2013) recognized a rule of constitutional law under the Pennsylvania Constitution similar to that in **Miller v. Alabama** and does the rule in

> **Batts** apply retroactively to cases where direct review concluded prior to the announcement of said rule in **Batts**?

Brief for Appellant at 3. When we review the propriety of a PCRA court's order, we are limited to determining whether the court's findings are supported by the record and whether the order in question is free of legal error. **Commonwealth v. Grant**, 992 A.2d 152, 156 (Pa. Super. 2010). This Court will not disturb the PCRA court's findings if there is any support for the findings in the certified record. **Id.**

This Court recently addressed Cobbs' first two issues in **Commonwealth v. Seskey**, 86 A.3d 237 (Pa. Super. 2014), in which we stated as follows:

> [T]he facial untimeliness of Appellant's petition renders this Court (indeed, any court) without jurisdiction to review the substantive claims that Appellant raises … unless one of the three exceptions to the PCRA's time-bar applies. The only potentially applicable exception is subsection 9545(b)(1)(iii), the newly-recognized, and retroactively-applied, constitutional right exception predicated upon the Supreme Court's decision in **Miller**.
>
>> Subsection (iii) of Section 9545[(b)(1)] has two requirements. First, it provides that the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or [the Supreme Court of Pennsylvania] after the time provided in this section. Second, it provides that the right 'has been held' by 'that court' to apply retroactively. Thus, a petitioner must prove that there is a 'new' constitutional

> right and that the right 'has been held' by that court to apply retroactively. The language 'has been held' is in the past tense. These words mean that the action has already occurred, *i.e.*, 'that court' has already held the new constitutional right to be retroactive to cases on collateral review. By employing the past tense in writing this provision, the legislature clearly intended that the right was already recognized at the time the petition was filed.
>
> ***Commonwealth v. Copenhefer***, 596 Pa. 104, 941 A.2d 646, 649–50 (2007) (quoting ***Commonwealth v. Abdul–Salaam***, 571 Pa. 219, 812 A.2d 497, 501 (2002)).
>
> Recently, in ***Cunningham***, our Supreme Court held that the constitutional right announced by the United States Supreme Court in ***Miller*** does not apply retroactively. 81 A.3d at 10. Consequently, Appellant cannot rely upon ***Miller*** or subsection 9545(b)(iii) to establish jurisdiction over his untimely PCRA petition in any Pennsylvania court. Hence, we lack jurisdiction to review the merits of Appellant's issues

*Id.* at 242-43.

Cobbs attempts to circumvent the effect the ruling in ***Cunningham*** has upon our jurisdiction by arguing that the companion case to ***Miller*** (***Jackson v. Hobbs***) should have led to a different result in ***Cunningham***. This argument is likewise unavailing. As this Court made clear in ***Seskey***, based upon our Supreme Court's decision in ***Cunningham***, which this Court is bound to follow, along with the statutory time limits for filing petitions for

relief under the PCRA, we lack any jurisdiction to consider other substantive arguments on their merits:

> While these arguments someday may require consideration by our courts, today cannot be that day. Before a court may address Appellant's arguments, or similar contentions, that court must have jurisdiction. We cannot manufacture jurisdiction based upon the substantive claims raised by the parties. Presently, we are confined by the express terms of subsection 9545(b)(1)(iii) and our Supreme Court's decision in *Cunningham*. Combined, those two elements require us to conclude that we lack jurisdiction. No substantive claim can overcome this conclusion.

*Id.* at 243.

With respect to Cobbs' third issue, in *Batts* our Supreme Court held that the appropriate remedy on direct appeal for a *Miller*-type constitutional violation is to remand the case to the trial court for re-sentencing in accordance with the dictates of *Miller*. *Batts*, 66 A.3d at 293-95. *Batts* did not, however, address the retroactivity of the *Miller* decision in connection with subsection 9545(b)(1)(iii) of the PCRA. As indicated hereinabove, our Supreme Court decided that issue in *Cunningham*. Moreover, and more importantly, *Batts* did not create or identify any new constitutional right that would provide Cobbs with a basis for filing a PCRA claim beyond the one-year time bar based pursuant to the exception in subsection 9545(b)(1)(iii). As such, *Batts* provides Cobbs with no

meritorious argument that his PCRA petition was timely or that this Court has any jurisdiction to consider his substantive claims.

For these reasons, we agree with appointed counsel that all of Cobbs' issues are without merit. We therefore grant appointed counsel's petition to withdraw and deny any relief to Cobbs.

Order affirmed. Motion to withdraw granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/17/2014